# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2018 OCT 24 A 11: 43

WILLIAM W. BLEVINS
CLERK   cc

18-9914
SECT. M MAG. 2

John A. Olagues Plaintiff Pro se
413 Sauve Rd,
River Ridge LA 70123
504-305-4071,
Olagues@gmail.com

Motion for Permission for Filing Civil Suit

    Plaintiff

V.

XAVIER BECERRA Attorney General Cal,
California Department of Justice and
Leon Kousharian
Marin County California Deputy District Attorney

    Defendants

**Motion for Permission to File a Petition for Declaratory Judgement, and damages related to the CIVIL ACTION No: 09-3092 SECTION : "S" (1) Case:**

JOHN OLAGUES
V.
STEVEN KLEIN ET AL

Plaintiff John Olagues, a citizen of Jefferson Parish Louisiana, born in New Orleans, a graduate of Jesuit High School and Tulane University, a Veteran of the U.S. Army during the Vietnam War wishes to file a Petition for Declaratory Judgement to have his false status with the FBI Corrected and a petition for damages due to admitted perjury by the Marin County Deputy District Attorney that was carried out during a trial in Marin County California in 2005 and in documents filed in various court to illegally seize my two daughters

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

In March 2003, Plaintiff Olagues was arrested twice at his home in River Ridge Louisiana and 2 more times in 2004 allegedly for being a fugitive from California allegedly due to his illegally removing his two children from California in March 2003 just once and holding his children allegedly for 5 extra days.Judge Windhorst denied their attempts to extradite. See **Exhibit 1**

The Marin County DDA and his investigator in March 2003 and later swore under penalty of perjury that Plaintiff Olagues illegally removed his children from California, But the Marin DDA stated just the opposite at the preliminary hearing in Marin California. Attached as **Exhibit 2** is a page from the preliminary hearing in Marin California, where the Judge asked the Marin County DDA, Leon Kousharian a question, with the Marin DDA's answer below.

**THE COURT: "Where is that? Where do I find the prohibition against removing them from California?"**

**MR. KOUSHARIAN: "There is no prohibition. The order is ambiguous in that respect. The only stated visitation is to occur in California. It does not say anything about removing the children from California."**

DDA. Kousharian and his investigator stated under penalty of perjury that Olagues was prohibited from leaving California with his children. The Marin DDA also perjured himself by claiming in Court filings that Plaintiff Olagues's ex wife had sole custody of the children.

---------------------

There was a trial which had a hung jury, but the presiding Judge Graham instructed the jury to find Plaintiff Olagues guilty and he told the jury he would be lenient on Plaintiff Olagues. See **Exhibit 3**, where both the Jury and the Judge stated that they respected Olagues.

Judge Graham made the Report on November 4, 2005, attached as **Exhibit 4** to the Court which the Court sent to the California Department of Justice. However, the California DOJ did not send Judge Graham's report to the FBI. They sent something entirely different.

2

Judge Graham's report stated that **Imposition of Sentence is Suspended** and Defendant was placed on probation .

Below is the definition of probation in California.

Cal Pen Code 1203(a) Definition of Probation
(a) As used in this code, "probation" means the **suspension of the imposition** or **execution of a sentence** and the order of conditional and revocable release in the community under the supervision of a probation officer. As used in this code, "conditional sentence" means the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to conditions established by the court without the supervision of a probation officer. It is the intent of the Legislature that both conditional sentence and probation are authorized whenever probation is authorized in any code as a sentencing option for infractions or misdemeanors.

So probation in California means:

A) **the suspension of an imposition of sentence** and revocable release in the community under the supervision of a probation officer **or**
B) the suspension of the **execution** of a sentence and revocable release in the community under the supervision of a probation officer.
-------------------------------

But the California DOJ told the FBI that Plaintiff Olagues was and is a convicted felon who was sentenced to 6 months in Jail. See the Letter from Kamala Harris, former Attorney General of California in response to clarify his disposition. See **Exhibit 5**.

In California, when a person is found guilty and sentenced to 6 months in County Jail, he is considered convicted of a misdemeanor, whether the person is granted probation or not.

3

In California, when a person is found guilty, placed on probation, and Imposition of Sentence is Suspended, the person is not convicted. If the person serves the probation with no problem, his status is as if he was never prosecuted. That is exactly what the California Supreme Court stated in Stephens v. Toomey 51 Cal . 2d 864 and in the Ninth Circuit in United States v. Qualls No 95-50378, March 5, 1997.

So my status now is as if I was never prosecuted, since I was never sentenced and never convicted of a crime. On page 2 of the Stephens v. Toomey case 51 Cal.2d 864, the Cal Supreme court stated:

"The word conviction, used in this connection, must mean a final judgment of conviction. A judgment is not final if there still remains some legal means of setting it aside. [4] There may be ways to avoid its execution, such as a general pardon, but a judgment in an ordinary criminal case, such as we have here, becomes final when all available means to avoid its effect have been exhausted. Certain means to that end have been made available to an accused. The traditional method was by appeal. The probation laws then intervened. Since the enactment of those laws in 1903, the offender has been brought before the court for judgment on a plea or verdict of guilty under differing and varying circumstances affecting the powers of the court and the rights of the accused. They may be classified as follows:"
[1]
[2]
[3]
[4]
[5]
[6]
[7]
[8]
[9]
[10]
[11]
[12] (C) Those where the court withholds the imposition of judgment, suspends further proceedings on the plea or verdict and places the defendant on probation on such

4

conditions as are reasonable and for such time as is authorized by law. In this class of cases there is no judgment pending against the probationer. He may go about his usual activities, uninhibited by any court order, except the terms and conditions of the order of probation (*Pearson* v. *County of Los Angeles,* 49 Cal.2d 523 [319 P.2d 624]). In that analogous case it was properly said at pages 543 and 544 that "... inasmuch as no judgment of conviction or `sentence of imprisonment in a State prison' was ever entered against plaintiff, his civil rights have been at no time suspended. (Pen. Code, § 2600.)" But from the time that the order of probation is made until the case is dismissed the probationer is not a free man. Although there is no judgment pending against him, he is still subject to the restraints of the order of probation and for the duration thereof.

[13] If he should violate its conditions he is subject to a revocation of the order of probation with pronouncement of judgment and sentence to follow. (Pen. Code, § 1203.2.) This judgment is appealable under section 1237 of the Penal Code, and for finality must await the result of any appeal.

[14] If the conditions of probation are satisfied and the time has expired the probationer is entitled to have his plea or verdict of guilty changed to not guilty, have the proceedings expunged from the record and the case dismissed. Upon such dismissal here again the defendant is in the same position as if no prosecution had ever been brought against him except as also provided in section 1203.4 of the Penal Code, the record in the criminal case may be used against him in any subsequent criminal proceeding brought against him. Here again the defendant also has the benefit of a statutory rehabilitation without any further effort on his part."

The disposition has been changed from Guilty to Non Guilty and the case has been dismissed and expunged. See **Exhibit 6**.

My Petition here is for this court to order the Marin District Attorney and the California DOJ to correct the original report to the FBI to be as Judge Graham ordered and consistent with the what California Supreme Court and the Ninth Circuit has declared.

Respectfully Submitted:

*John Olagues*
John Olagues

Oct 24, 2018

413 Savme Rd.
River Ridge LA.
70173
504-305-4071

6